UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

CHRISTOPHER HANSEN,
    Plaintiff,

vs.

WESTLAND COMMERCE PARK LLC,
NEW JERSEY AUTO PARTS INC.,
HIALEAH'S FINEST DETAIL CUTZ, INC,
TRANSAV CONSULTING LLC d/b/a
MIAMI BLINDS,
CHARLES CAR STEREO LLC, and
EL TALISMAN RESTAURANT, INC.
    Defendants.

## COMPLAINT

Plaintiff, CHRISTOPHER HANSEN, by his undersigned counsel, hereby files this Complaint and sues Defendants, WESTLAND COMMERCE PARK LLC, NEW JERSEY AUTO PARTS INC., HIALEAH'S FINEST DETAIL CUTZ, INC, TRANSAV CONSULTING LLC d/b/a MIAMI BLINDS, CHARLES CAR STEREO LLC, and EL TALISMAN RESTAURANT, INC., for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. et seq., based upon Defendant's violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

## PARTIES

2. Plaintiff, CHRISTOPHER HANSEN, is a lifelong resident of Florida and currently lives in Miami, and is *sui juris*. He is a qualified individual with disabilities under the ADA law. Christopher is a partial quadriplegic, as a result of a skim boarding accident in 2003. He is required to ambulate in a wheelchair. Mr. Hansen owns his own vehicle and does drive. He has visited the property which forms the basis of this lawsuit and plan to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. His access to the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and ADA violations which exist at the facility, including but not limited, to those set forth in the Complaint.

3. Independent of his personal desire to have access to this place of public accommodation free of illegal barriers to access Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA. Independent of other subsequent visits, Plaintiff also intends to visit the Premises regularly to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the Premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester", visited the Premises, encountered barriers to access at the Premises, engaged and tested those barriers, suffered legal harm and legal injury and will continue to suffer such harm and injury as a result of the illegal barriers to access and the violations of the ADA set forth herein. It is Plaintiff's belief that said violations will not be

corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

4. Defendant, WESTLAND COMMERCE PARK LLC, is a Florida limited liability company who transacts business in the State of Florida and within this judicial district. Defendant is the owner/lessor of the property located at 3875-3887 W. 16th Ave., Hialeah, FL 33012.

5. Defendant, NEW JERSEY AUTO PARTS INC., is a Florida corporation which transacts business in the State of Florida and within this judicial district. Defendant is the lessee of the property located at 3875 W. 16th Ave., Hialeah, FL 33012 and operates a restaurant at the property.

6. Defendant, HIALEAH'S FINEST DETAIL CUTZ, INC, is a Florida corporation which transacts business in the State of Florida and within this judicial district. Defendant is the lessee of the property located at 3881 W. 16th Ave., Hialeah, FL 33012 and operates a restaurant at the property.

7. Defendant, TRANSAV CONSULTING LLC d/b/a MIAMI BLINDS, is a Florida limited liability company which transacts business in the State of Florida and within this judicial district. Defendant is the lessee of the property located at 3883 W. 16th Ave., Hialeah, FL 33012 and operates a restaurant at the property.

8. Defendant, CHARLES CAR STEREO LLC, is a Florida limited liability company which transacts business in the State of Florida and within this judicial district. Defendant is the lessee of the property located at 3885 W. 16th Ave., Hialeah, FL 33012 and operates a restaurant at the property.

9. Defendant, EL TALISMAN RESTAURANT, INC, is a Florida corporation which transacts business in the State of Florida and within this judicial district. Defendant is the lessee of the property located at 3887 W. 16th Ave., Hialeah, FL 33012 and operates a restaurant at the property.

10. The Defendants' facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG.

11. In this instance, Mr. Hansen visited the facility and encountered barriers to access at the facility, and engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access, and Defendants' ADA violations set forth herein.

12. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the facility and the actions or inactions described herein.

13. All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

**FACTUAL ALLEGATIONS AND CLAIM**

14. Mr. Hansen has attempted to and has, to the extent possible, accessed the facility, but could not do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

15. Mr. Hansen intends to visit the facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages, and/or accommodations commonly

offered at the facility, but will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility and/or accommodations offered therein, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

16. Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the facility, as prohibited by 42 U.S.C., § 12182, et.seq., and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

17. Defendants have discriminated against Mr. Hansen by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the facility include:

**Violations at 3875 W. 16 Ave., (New Jersey Auto Parts, Inc.)**

I. ACCESSIBLE PARKING NOT PROVIDED AS REQUIRED WITHIN EXISTING PARKING AREA AT PROPERTY.

II. INACCESSIBLE ENTRANCE.

ACCESSIBLE ROUTE TO ESTABLISHMENT NOT PROVIDED AS REQUIRED.

ACCESSIBLE MEANS OF EGRESS NOT PROVIDED AS REQUIRED.

        EXISTING CURB AT TRAVEL PATH LEADING TO ENTRANCE ACTS AS A BARRIER TO ACCESSIBILITY.

        COMPLIANT RAMP NOT PROVIDED AS REQUIRED AT EXISTING CURB AT TRAVEL PATH LEADING TO ENTRANCE.

III. NON-COMPLIANT EXISTING CURB RAMP AT TRAVEL PATH LEADING OT ENTRANCE.

        NON-COMPLIANT SLOPE OF CURB RAMP AT TRAVEL PATH LEADING TO ENTRANCE EXCEEDS MAXIMUM SLOPE ALLOWANCE.

IV. NON-COMPLIANT LOCATION OF EXISTING CURB RAMP PROJECTS INTO THE DIRECT PATH OF VEHICULAR TRAFFIC.

V. EXISTING STEP AT ENTRANCE ACTS AS A BARRIER TO ACCESSIBILITY. REQUIRED RAMP NOT PROVIDED FOR STEP AT ENTRANCE.

VI. INACCESSIBLE SERVICE COUNTER.

        NON-COMPLIANT HEIGHT OF SERVICE COUNTER EXCEED MAXIMUM HEIGHT ALLOWANCE.

**Violations at 3881 W. 16th Ave. (Hialeah's Finest Detailed Cuts)**

VII. ACCESSIBLE PARKING NOT PROVIDED AS REQUIRED WITHIN EXISTING PARKING AREA AT PROPERTY.

VIII. INACCESSIBLE ENTRANCE.

        ACCESSIBLE ROUTE TO ESTABLISHMENT NOT PROVIDED AS REQUIRED.

        ACCESSIBLE MEANS OF EGREES NOT PROVIDED AS REQUIRED.

        EXISTING CURB AT TRAVEL PATH LEADING TO ENTRANCE ACTS AS A BARRIER TO ACCESSIBILITY.

        COMPLIANT RAMP NOT PROVIDED AS REQUIRED AT EXISTING CURB AT TRAVEL PATH LEADING TO ENTRANCE.

IX. NON-COMPLIANT EXISTING CURB RAMP AT TRAVEL PATH LEADING TO ENTRANCE.

   NON-COMPLIANT SLOPE OF CURB RAMP AT TRAVEL PATH LEADING TO ENTRANCE EXCEEDS MAXIMUM SLOPE ALLOWANCE.

X. NON-COMPLIANT LOCATION OF EXISTING CURB RAMP PROJECTS INTO THE DIRECT PATH OF VEHICULAR TRAFFIC.

XI. EXISTING STEP AT ENTRANCE ACTS AS A BARRIER TO ACCESSIBILITY.

   REQUIRED RAMP NOT PROVIDED FOR STEP AT ENTRANCE.

XII. REQUIRED MINIMUM MANEUVERING CLEARANCE NOT PROVIDED AT ENTRANCE DOOR.

   NON-COMPLIANT CHANGE IN FLOOR LEVEL WITHIN REQUIRED MANEUVERING CLEARANCE AT ENTRANCE DOOR.

**Violations at 3883 W. 16th Ave (Miami Blinds Factory)**

XIII. ACCESSIBLE PARKING NOT PROVIDED AS REQUIRED WITHIN EXISTING PARKING AREA AT PROPERTY.

XIV. INACCESSIBLE ENTRANCE.

   ACCESSIBLE ROUTE TO ESTABLISHMENT NOT PROVIDED AS REQUIRED.

   ACCESSIBLE MEANS OF EGRESS NOT PROVIDED AS REQUIRED.

   EXISTING CURB AT TRAVEL PATH LEADING TO ENTRANCE ACTS AS A BARRIER TO ACCESSIBILITY.

   COMPLIANT RAMP NOT PROVIDED AS REQUIRED AT EXISTING CRUB AT TRAVEL PATH LEADING TO ENTRANCE.

XV. NON-COMPLIANT EXISTING CURB RAMP AT TRAVEL PATH LEADING TO ENTRANCE.

   NON-COMPLIANT SLOPE OF CURB RAMP AT TRAVEL PATH LEADING TO ENTRANCE EXCEEDS MAXIMUM SLOPE ALLOWANCE.

XVI. NON-COMPLIANT LOCATION OF EXISTING CURB RAMP PROJECTS INTO THE DIRECT PATH OF VEHICULAR TRAFFIC.

XVII. EXISTING STEP AT ENTRANCE ACTS AS A BARRIER TO ACCESSIBILITY.

|        |                                                                                                                         |
|-------:|:------------------------------------------------------------------------------------------------------------------------|
|        | REQUIRED RAMP NOT PROVIDED FOR STEP AT ENTRANCE.                                                                        |
| XVIII. | DOOR AND OTHER ITEMS BLOCKING MAIN TRAVEL PATH IN FRONT OF SHOPPING CENTER.                                             |
|   XIX. | NON-COMPLIANT HEIGHT OF CONSUMER GOODS.                                                                                 |
|    XX. | REQUIRED MINIMUM MANEUVERING CLEARANCE NOT PROVIDED AT ENTRANCE DOOR.                                                   |
|        | NON-COMPLIANT CHANGE IN FLOOR LEVEL WITHIN REQUIRED MANEUVERING CLEARANCE AT ENTRANCE DOOR.                             |

**Violations at 3885 W. 16th Ave., (Charles Car Stereo LLC)**

|         |                                                                                                                           |
|--------:|:--------------------------------------------------------------------------------------------------------------------------|
|    XXI. | ACCESSIBLE PARKING NOT PROVIDED AS REQUIRED WITHIN EXISTING PARKING AREA.                                                 |
|   XXII. | INACCESSIBLE ENTRANCE.                                                                                                    |
|         | ACCESSIBLE ROUTE TO ESTABLISHMENT NOT PROVIDED AS REQUIRED.                                                               |
|         | ACCESSIBLE MEANS OF EGRESS NOT PROVIDED AS REQUIRED.                                                                      |
|         | EXISTING CURB AT TRAVEL PATH LEADING TO ENTRANCE ACTS AS BARRIER TO ACCESSIBILITY.                                        |
|         | COMPLIANT RAMP NOT PROVIDED AS REQUIRED AT EXISTING CURB AT TRAVEL PATH LEADING TO ENTRANCE.                              |
|  XXIII. | NON-COMPLIANT EXSITING CURB RAMP AT TRAVEL PATH LEADING TO ENTRANCE.                                                      |
|         | NON-COMPLIANT SLOPE OF CURB RAMP AT TRAVEL PATH LEADING TO ENTRANCE EXCEEDS MAXIMUM SLOPE ALLOWANCE.                      |
|   XXIV. | NON-COMPLIANT LOCATION OF EXISTING CURB RAMP PROJECTS INTO THE DIRECT PATH OF VEHICULAR TRAFFIC.                          |
|    XXV. | EXISTING STEP AT ENTRANCE ACTS AS A BARRIER TO ACCESSIBILITY.                                                             |
|         | REQUIRED RAMP NOT PROVIDED FOR STEP AT ENTRANCE.                                                                          |
|   XXVI. | REQUIRED MINIMUM MANEUVERING CLEARANCE NOT PROVIDED AT ENTRANCE DOOR.                                                     |

NON-COMPLIANT CHANGE IN FLOOR LEVEL WITHIN REQUIRED MANEUVERING CLEARANCE AT ENTRANCE DOOR.

**Violations at 3887 W. 16th Ave. (El Talisman Restaurant)**

XXVII. ACCESSIBLE PARKING NOT PROVIDED AS REQUIRED WIHTIN EXISTING PARKING AREA AT PROPERTY.

XXVIII. INACCESSIBLE ENTRANCE.

ACCESSIBLE TOURE TO ESTABLISHMENT NOT PROVIDED AS REQUIRED.

ACCESSIBLE MEANS OF EGRESS NOT PROVIDED AS REQUIRED.

EXISTING CURB AT TRAVEL PATH LEADING TO ENTRANCE ACTS AS A BARRIER TO ACCESSIBILITY.

COMPLIANT RAMP NOT PROVIDED AS REQUIRED AT EXISTING CURB AT TRAVEL PATH LEADING TO ENTRANCE.

XXIX. NON-COMPLIANT EXISTING CURB RAMP AT TRAVEL PATH LEADING TO ENTRANCE.

NON-COMPLIANT SLOPE OF CURB RAMP AT TRAVEL PATH LEADING TO ENTRANCE EXCEEDS MAXIMUM SLOPE ALLOWANCE.

XXX. NON-COMPLIANT LOCATION OF EXISTING CRUB RAMP PROJECTS INTO THE DIRECT PATH OF VEHICULAR TRAFFIC.

XXXI. EXISTING STEP AT DOOR OF THE FIRS TOF TWO ENTRANCES ACTS AS A BARRIER TO ACCESSIBILITY.

REQUIRED RAMP NOT PROVIDED FOR STEP AT DOOR OF THE FIRST OF TWO ENTRANCES.

XXXII. REQUIRED MINIMUM MANEUVERING CLEARANCE NOT PROVIDED AT DOOR OF FIRST OF TWO ENTRANCES.

NON-COMPLIANT CHANGE IN FLOOR LEVEL WITHIN REQUIRED MANEUVERING CLEARANCE AT DOOR OF THE FIRST TWO ENTRANCES.

XXXIII. EXISTING STEP AT DOOR OF THE SECOND OF TWO ENTRANCES ACTS AS A BARRIER TO ACCESSIBILITY.

REQUIRED RAMP NOT PROVIDED FOR STEP AT DOOR OF THE SECOND OF TWO ENTRANCES.

XXXIV. INACCESSIBLE DINING TABLES.

REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT DINING TABLES.

A MINIMUM PERCENTAGE OF EXISTING DINING TABLES REQURIED TO BE ACCESSIBLE NOT PROVIDED.

XXXV. INACCESSIBLE DINING COUNTER.

PORTION OF DINING COUNTER REQUIRED TO BE ACCESSIBLE NOT PROVIDED.

REQUIRED CLEAR FLOOR SPACE POSITIONED FOR A FORWARD APPROACH NOT PROVIDED AT DINING COUNTER.

XXXVI. NON-COMPLIANT HEIGHT OF DINING COUNTER EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

XXXVII. REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT DINING COUNTER.

XXXVIII. COMPLIANT SIGNAGE IDENTIFYING RESTROOM NOT PROVIDED AS REQUIRED.

XXXIX. INACCESSILE RESTROOM.

REQUIRED MINIMUM MANEUVERING CLEARANCE NOT PROVIDED IN CORRIDOR AT EXTERIOR SIDE OF RESTROOM DOOR.

XL. NON-COMPLIANT DOOR LOCK AT RESTROOM DOOR REQUIRES TWISTING OF WRIST.

XLI. INACCESSIBLE LIGHT SWITCH IN RESTROO.

NON-COMPLIANT HEIGHT OF LIGHT SWITCH IN RESTROOM EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

XLII. INACCESSIBLE WATER CLOSET IN RESTROOM.

REQURIED MINIMUM CLEARANCE NOT PROVIDED AT WATER CLOSET IN RESTROOM.

XLIII. REQUIRED GRAB BARS NOT PROVIDED ON REAR AND SIDE WALLS OF WATER CLOSET IN RESTROOM.

XLIV. INACCESSIBLE LAVATORY IN RESTROOM.

    REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT LAVATORY IN RESTROOM.

 **XLV.** INSULATION OF PIPES AND WATER LINES UNDER THE LAVATORY IN RESTROOM NOT PROVIDED AS REQUIRED.

 **XLVI.** INACCESSIBLE PAPER TOWEL DISPENSER IN RESTROOM.

    NON-COMPLIANT MOUNTED HEIGHT OF PAPER TOWEL DISPENSER IN RESTROOM EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

18. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the facility. Plaintiff requires an inspection of the facility in order to determine all of the discriminatory acts violating the ADA.

19. Mr. Hansen has attempted to gain access to the facility, but because of his disability has been denied access to, and has been denied the benefits of services, programs, and activities of the facility, and has otherwise been discriminated against and damaged by Defendants, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expects to be discriminated against in the future, unless and until Defendants are compelled to remove the unlawful barriers and conditions and comply with the ADA.

20. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

21. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

22. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

23. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the subject facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,

s/ Lauren N. Wassenberg
Lauren N. Wassenberg, Esq. (FBN: 34083)
   *Attorney for Plaintiff*
Lauren N. Wassenberg & Associates, P.A.
1825 NW Corporate Blvd., Ste. 110
Boca Raton, Florida 33431
T: 561.571.0646 | F: 561.571.0647
WassenbergL@gmail.com

Glenn R. Goldstein, Esq., (FBN: 55873)
   *Attorney for Plaintiff*
Glenn R. Goldstein & Associates, PLLC
1825 NW Corporate Blvd., Ste. 110
Boca Raton, Florida 33431
T: 305.306.7674 | F: 305.400.0722
GGoldstein@G2Legal.net